J. Baxter SCHILLING,
Appellant/Cross–
Appellee,

v.

David B. MOORE, Debtor/Cross–
Appellant/Appellee.

No. CIV.A.3:01–CV–677–S.

United States District Court,
W.D. Kentucky,
at Louisville.

Nov. 13, 2002.

J. Baxter Schilling, Louisville, KY, pro se.

David Marcus Cantor, Seiller & Handmaker, Louisville, KY, for Appellee/Debtor.

### *MEMORANDUM AND ORDER*

SIMPSON, District Judge.

This matter is before the court on appeal from a decision of the United States Bankruptcy Court awarding J. Baxter Schilling ("Schilling") a fee of $450 and expenses of $7.00 (DN 26, 27). This amount was awarded for work he did as Chapter 7 trustee that brought certain assets to the estate. These assets were collected and distributed after the case was converted to Chapter 13.

### *Procedural Background*

This appeal represents the second time this matter has been before this court. The first appeal was assigned to Judge Thomas B. Russell. In that matter, the debtor, David B. Moore ("Moore") appealed the judgment of the Bankruptcy Court granting Schilling a fee of $2000.

The facts in this case are undisputed. Moore filed a Chapter 7 petition on February 11, 1998. Moore's petition failed to disclose approximately $11,000 in insurance proceeds from the destruction of his 1989 Mercedes, $4,000 in accounts receivable from Moore's psychotherapy practice, two bank accounts and several pieces of office equipment and furnishings.

Most of these omissions were discovered by Schilling, the Chapter 7 trustee at the first meeting of creditors conducted pursuant to 11 U.S.C. § 341 (1994)(hereinafter " § 341 meeting"). After the § 341 meeting, Schilling wrote Moore a letter demanding he amend his schedules, produce various documents, and turn over certain assets.

Moore obtained a new counsel, who converted his Chapter 7 to the present Chapter 13 case. At the time Moore filed his brief with this court, he planned to pay his creditors $68,180.00.

After the conversion of this case from Chapter 7 to Chapter 13, Schilling filed an application for award of trustee fees. He requested $3,973.55 based upon the statutory trustee fee which could have been awarded him had the conversion not taken place and had he distributed to the creditors the same amount Moore proposed to pay through his Chapter 13 plan.

On December 18, 1998, the Bankruptcy Court, en banc, issued an opinion holding that Schilling was entitled to a *quantum meruit* award, payable as a Chapter 13 administrative expense. This fee was to compensate his efforts in discovering the omitted assets and ultimately leading Moore to covert to a Chapter 13 case. The court held the amount of the fee was to be determined on a case by case basis after application by Schilling.

After Schilling filed an itemized application, the Bankruptcy Court awarded him $2,000 in trustee fees and $20.65 in expenses.

Moore appealed the Bankruptcy Court's order to this court. Judge Russell found that the Bankruptcy Court had based its award on a reduction from the maximum amounts found in 11 U.S.C. § 326(2002), rather than by applying the 11 U.S.C. § 330(a)(3)(A-E) (hereinafter " § 330 factors") as required by statute. Therefore, the court remanded the case for a new inquiry based on the § 330 factors.

On remand, the Bankruptcy Court held an evidentiary hearing to allow the parties to place evidence in the record, including the time Schilling had spent on the case and his hourly rate. Schilling introduced evidence that he had spent 74.7 hours on the case, and his rate for legal services in 1998–2000 was from $190 to $205 per hour.

On August 14, 2001, the court issued its written opinion and order. The court analyzed the § 330 factors, and concluded that Schilling was entitled to $450 in fees and $7.00 in expenses.

The court found that of the 74.7 hours Schilling worked on this case, only 1.1 hours were actually spent on asset discovery (0.2 hours on the § 341 meeting and 0.9 hours spent reviewing the petition and drafting the demand letter to Moore's attorney). The remaining hours involved Shilling's fee application, or some briefing or hearing associated with the application.

Applying the § 330 factors, the court concluded that the time spent attending the § 341 meeting and drafting the letter were reasonable. However, the court held that since Schilling was paid a $60 statutory minimum fee for attending the § 341 meeting, he should not receive a *quantum meruit* award for the same time. Thus, the court allowed 0.9 hours for time spent on asset recovery.

Of the remaining time which Schilling spent on his fee application, the court allowed 2.1 hours. The court found that 2.1 hours Shilling spent from April 20, 1998 to May 1, 1998 on his application for fees was reasonable. However, the court concluded that Schilling had failed to carry his burden of proof that the remaining hours were "reasonable given the complexity, importance and nature of the task." The opinion noted that "the Trustee (Schilling) failed to carry his burden of proof that his fee efforts, beyond those associated with the preparation of the application, provided anything towards the administration or the completion of the case." The Bankruptcy Court allowed Moore's counsel fees for time spent litigating Schilling's fee application.

In regards to Schilling's hourly rate, the court found that it was not reasonable compared to rates charged by other comparably skilled lawyers practicing in routine Chapter 7 proceedings. The court took judicial notice that "within this local legal community, hourly rates of counsel seeking compensation in routine Chapter 7 proceedings range from $75 to $150." The court calculated Schilling's rate at $150 per hour, since Schilling had failed to carry his burden that a rate in excess of $150 was justifiable.

Based on a rate of $150, the court awarded Schilling $450 in fees (3 × $150). On the issue of expenses, the court found that $7.00 covered all actual and necessary expenses.

Schilling and Moore appeal the Bankruptcy Court's August 14, 2001 opinion to this court.

### Issues Before the Court

The parties have raised several issues on appeal. The major issue before this court is whether the Bankruptcy Court correctly applied the § 330 factors in determining the fee that should be awarded Schilling.

On this issue, the parties have raised several points of contention:

1. Whether the court committed reversible error when it based Schilling's fee on an hourly rate rather than on a percentage of assets that were distributed by the Chapter 13 trustee.

2. Whether the court committed reversible error when it reduced Shilling's hourly rate to $150 per hour.

3. Whether the court committed reversible error when it refused to award Schilling a fee for time spent attending the § 341 meeting of creditors, reasoning that he had already been awarded a statutory fee of $60.

4. Whether the court committed reversible error when it refused to award Schilling fees for litigating his fee application.

### Standard of Review

 This court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard. *Bankr.R.* 8013. We will not reverse an award of fees unless there has been an abuse of discretion. *In re Boddy,* 950 F.2d 334, 336 (6th Cir. 1991). "An abuse of discretion occurs in this context if the bankruptcy judge fails to apply the proper legal standard or follow the proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Kula,* 213 B.R. 729, 735 (8th Cir. BAP 1997).

### Analysis

 First Schilling contends that the court should have determined his fee on a percentage basis rather than on an hourly basis. He asserts that when he performs services as a Chapter 7 trustee, he charges a percentage fee, and has never been paid an hourly-rate fee in his 22 years as a

panel trustee. Even if Schilling normally charges percentage based fees, he may not receive anything under 11 U.S.C. § 326 unless it meets the requirements of 11 U.S.C. § 330. "The legislative history is explicit in its rejection of an 'entitlement' theory." A court must instead start with § 330, reach a determination of what is a reasonable fee under that section and then look to the cap as calculated in § 326 to allow an attorney's fee. *In re Miniscribe Corporation*, 241 B.R. 729, 734 (Bankr. D.Colo.1999). Under § 330(a)(3)(A), were this court to consider a percentage based award, it would still have to be based upon a reasonable amount of time spent.

██ Moreover, contrary to the assertion of Moore, Judge Russell's determination that Schilling was entitled to a *quantum meruit* award is the law of this case, and is not subject to collateral attack by this court. Further, Judge Russell ordered the Bankruptcy Court to review the time spent by Schilling and his hourly fee in determining what amount Schilling was entitled. Thus, the Bankruptcy Court was within its discretion when it based its award on an hourly rate fee rather than a percentage fee.

██ The second issue before this court involves Schilling's hourly rate. He alleges it was an abuse of discretion for the Bankruptcy Court to reduce his hourly rate to $150 per hour. He contends that no litigant in this case has argued his hourly rate was too high. He further asserts that if the court was considering reducing his hourly rate, it should have advised him of such, so that he could present evidence on the issue.[1]

On the issue of reasonable fees, "the court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *In re WHET, Inc.*, 61 B.R. 709, 713 (Bankr. D.Mass, 1986).

The court took judicial notice of the fact that within the local legal community, hourly rates of counsel seeking compensation in routine Chapter 7 proceedings range from $75 to $150. The court's determination that Schilling failed to justify an hourly rate in excess of $150 per hour was reasonable based on the record below, and hence was not an abuse of discretion. This determination was a finding of fact based on the evidence.[2] It was not clearly erroneous, and thus cannot be overturned by this court.

██ The third issue raised is whether the Bankruptcy Court abused it discretion by disallowing the time Schilling spent attending the § 341 meeting. The court determined that since Schilling had already been paid a statutory fee of $60 for attending the meeting, he was not entitled to be compensated for that time under a *quantum meruit* award. The court reasoned

---

1. Schilling was on notice of the legal standard Judge Russell ordered the bankruptcy court to consider. By its plain language, § 330(a)(3)(B) requires the finder of fact to consider the reasonableness of the rates charged. As well, the bankruptcy court allowed the parties to add any additional information to the record. Schilling took the stand in the bankruptcy court's evidentiary hearing and was cross examined on his hours and the services he performed.

2. Schilling seeks to introduce affidavits from other practitioners in the community supporting his hourly rate. Moore has made a motion to have these stricken because they were not presented below. (DN 33) This motion is granted by separate order. The first time Schilling presented the affidavits was on appeal. Since this evidence was not a part of the record below, it can not be considered by this court.

that this would result in a double recovery. Because this was a factual determination and was not clearly erroneous, it must stand.

 The final issue raised is the Bankruptcy Court's decision to disallow Schilling fees for litigating his fee application. In reaching its decision to disallow Schilling's fees, the bankruptcy court held:

> "the Trustee (Schilling) failed to carry his burden of proof that the entries following preparation of the Application in pursuit of the Trustee's fee request are reasonable given the complexity, importance and nature of the task. There are no circumstances evident from a thorough review of this case, nor was any evidence tendered by the Trustee sufficient to justify as reasonable the total time spent in pursuit of the Trustee's fee. The Objections filed to the Trustee's fee request were reasonable. The Court determines that the Trustee in this case must bear the cost of services, beyond preparation of the Application, in pursuit of his request and therefore the Court declines to award any fees beyond those associated with preparation of the Application."

In this case, the Bankruptcy Court was required by this court's prior order to compensate Schilling for services rendered which benefited the bankruptcy estate, if those services were reasonable and necessary. Schilling efforts in litigating his fee award brought no benefit to the estate.[3] Using a *quantum meriut* analysis, the Bankruptcy Court determined that the time Schilling spent litigating his fee award was not reasonable. This finding was not an abuse of discretion. As such, we affirm the Bankruptcy Court's decision

not to allowing Schilling fees for litigating his fee award.

In this case, the Bankruptcy Court conscientiously followed Judge Russell's Order to apply the § 330 factors, and made specific findings of fact in its twelve page opinion. Each of its conclusions is supported by evidence in the record. Because the Bankruptcy Court did not abuse its discretion when awarding Schilling's fee, its decision is AFFIRMED.

---

**3.** In contrast, the efforts of Moore's counsel were beneficial and necessary to estate because they limited the amount the estate paid out in trustee fees.