NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0948n.06
Filed: December 5, 2005

Nos. 04-5528, 04-5575

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re RED BALL, INC., and NORCROSS )
FOOTWEAR, INC., Debtors. )           ON APPEAL FROM THE
                                 )           UNITED STATES DISTRICT
MICHAEL L. CAPPY, et al., )           COURT FOR THE WESTERN
                                 )           DISTRICT OF KENTUCKY
    Appellants-Cross-Appellees, )
                                 )              **O P I N I O N**
v.                               )
                                 )
PETER M. GANNOTT, MAPOTHER &
MAPOTHER, P.S.C., and PAUL J. VESPER,
Trustee, et al.,

    Appellees-Cross-Appellants.


BEFORE:    NELSON and SUTTON, Circuit Judges; ZATKOFF, District Judge*

    **Lawrence P. Zatkoff, District Judge.**

    Appellants Michael Cappy et. al. appeal the district court's March 23, 2004 Memorandum

and Order granting in large part the fee requests of Bankruptcy Trustee Paul Vesper and his counsel,

the Mapother Law Firm (hereinafter, "Mapother"). Appellee Mapother has filed a cross-appeal and

argues that the district court impermissibly reduced its fee award by $80,000 and that it should have

granted the entire fee award. Because we find that the district court did not err in granting the fee

award, we **AFFIRM** the judgment of the district court.

---

*The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District
of Michigan, sitting by designation.

# I. BACKGROUND

The present appeal is the culmination of years of bankruptcy proceedings. On February 9, 1996, Norcross Footwear, Inc. and Red Ball, Inc., two entities controlled by Appellant Michael Cappy, filed for bankruptcy in the Bankruptcy Court of the Western District of Kentucky. Thereafter, the cases were consolidated. Appellee Paul Vesper was appointed the Chapter 11 Trustee for the Norcross Estate. On June 19, 1998, Vesper obtained a judgment of over $3 million (roughly $4 million with interest) against Cappy in favor of Norcross. Vesper then hired Mapother to help with the collection of the judgment.

Over the following six years, Vesper and Mapother engaged in extensive litigation in order to collect the debt, incurring $1.6 million in legal fees. By its March 24, 2004 Opinion, the district court approved nearly all of these fees as being reasonable. This appeal followed. Appellees filed their cross-appeal based on the district court's decision to reduce the fee award by approximately $80,000.

# II. LEGAL STANDARD

This Court reviews the district court's factual findings for "clear error." An award of attorney fees will not be reversed unless there has been an "abuse of discretion." *See In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991) (citing 11 U.S.C. § 330); *see also In re Federated Department Stores, Inc.*, 44 F.3d 1310, 1315 (6th Cir. 1995). An abuse of discretion occurs when a "judge fails to apply the proper legal standard or follow the proper procedures in making the determination, or

bases an award upon findings of fact that are clearly erroneous." *Schilling v. Moore*, 286 B.R. 846 (W.D. Ky. 2002); *see id.*

## III. ANALYSIS

### A. Whether the District Court Erred in Granting Vesper and Mapother Professional Fees

Appellants assert that under § 330 of the Bankruptcy Code, a bankruptcy or district court should only award professional fees for actual, necessary services.[1] *See* Appellants' Brief, at 10. Appellants argue that Vesper's and Mapother's services were not necessary and that the district court should be reversed because it did not even analyze the necessity of Vesper's and Mapother's services. In support of their argument, Appellants repeatedly assert that the Norcross estate received "no benefit" from Vesper's and Mapother's services because they were largely unsuccessful in collecting the $4 million judgment from Cappy. We disagree.

The district court was well aware of the protracted litigation below and approved the professional fee award based on its knowledge of the necessity of Vesper's and Mapother's services. The district court explained that

> in retrospect much of the time and energy seems to have been wasted. The Court believes, however, that it is not fair to view the case in retrospect. What this Court knows now – or believes it knows – the attorneys for the Trustee cannot necessarily have known three years ago.

Memorandum and Order, at 2; J.A. at 27. By this statement from its opinion, we understand the district court to have concluded that the professional fees at issue were reasonably necessary at the

---

[1] Appellees argue that the Court should analyze the fee award under § 328s "improvidence" standard. The Court is not convinced that § 328 provides the correct standard. *See In re Airspect Air, Inc.*, 385 F.3d 915, 920 (6th Cir. 2004) ("[S]ection 328 applies when the bankruptcy court approves a particular rate or means of payment, and § 330 applies when the court does not do so.") Regardless, the Court believes that Appellants are unable to succeed even under § 330s more lenient standard.

time they were incurred. Vesper's and Mapother's efforts later turned out to be largely unproductive, but we agree with the district court that it is not fair to judge the necessity of their services with the benefit of hindsight.

That, at the end of years of litigation, Vesper and Mapother were unable to collect more of the $4 million judgment against Cappy is no indication of bad faith on their part. In addition, and as testified by the U.S. Trustee, it is likely that Vesper's and Mapother's limited success was based on Cappy's aggressive litigation tactics. J.A. 577, 599-601.

The district court observed the actions of both parties and ultimately approved most of the requested professional fee as being reasonable and necessary. There is nothing before this Court which indicates that the district court abused its discretion in making these findings. Accordingly, we find that the district court satisfied § 330's provision that compensation should not be provided for "services that were not reasonably likely to benefit the debtor's estate; or necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

**B. Whether the District Court Erred in Reducing Mapother's Legal Fees by $80,000**

Appellee's cross-appeal asserts that the district court erred when it reduced Mapother's legal fees by $80,000. The Court reviews a district court's fee award for an abuse of discretion. *See In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991).

In its opinion, the district court explained its reduction, stating that it would reduce the fees by "a modest amount due to the excessive amount of effort and time typically expended on even the most minor motions." The Court finds that the district court's justification for the $80,000 fee reduction was sufficient and that it did not amount to an abuse of discretion.

In addition, at oral argument, Appellee/Cross-Appellant Peter Gannott seemed to agree that the district court did not abuse its discretion and that it should be affirmed:

> I know Mr. Vesper wants to conclude this estate 'cause there's tax returns that have to be filed and there's some minor expenses going on, and as a consequence, we're going to ask that this court merely affirm Judge Heyburn's decision.

Judge Nelson then followed up by asking why the Court should not remand for an explanation of how the district court calculated the $80,000 figure. In response, Gannott stated that there was no evidence of an abuse of discretion by the district court judge and that the authority does not require the district judge to conduct a line by line review of the fees.

For these reasons, the Court finds that the district court did not abuse its discretion in reducing Mapother's fees by $80,000.

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.