**In re Robert Ranson SCHNEIDER a/k/a Robert R. Schneider Gipsy Alice Schneider a/k/a Gipsy Alice Owen, Debtors.**

**Bankruptcy No. 81–40363.**

United States Bankruptcy Court, D. Kansas.

Nov. 25, 1981.

Lloyd C. Swartz, trustee, Topeka, Kan.

Cary L. Standiferd, trustee, Topeka, Kan.

Charles R. Hay, Atty. at Law, Topeka, Kan., for debtors.

John K. Pearson, Asst. U. S. Trustee, Wichita, Kan.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

In the above captioned matter, the debtors converted their chapter 7 case to a chapter 13 proceeding on September 28, 1981, and a chapter 13 trustee was duly appointed. Prior to conversion, Cary L. Standiferd, the chapter 7 trustee and the instant applicant, marshalled assets in the amount of $1,636.59, representing the debtors' tax refund. The chapter 7 trustee is holding this amount, and by application seeks allowance of statutory fees under 11 U.S.C. § 326 and attorney's fees under 11 U.S.C. § 328, for services rendered as attorney for the trustee.

A chapter 7 trustee is entitled to compensation based on a statutory percent of *monies disbursed or turned over . . . to parties in interest, excluding the debtor.* 11 U.S.C. § 326(a). When a chapter 7 proceeding is converted to a chapter 13 proceeding, see 11 U.S.C. § 706, assets of the chapter 7 estate are returned to the debtor, as the debtor-in-possession. 11 U.S.C. §§ 1303, 1306(b).

In reality, however, when assets or funds are returned to the converting debtor-in-possession, the debtor would be required to make some distribution to unsecured creditors determined to have allowed claims by the chapter 13 trustee, 11 U.S.C. § 1325(a)(4), by paying the returned assets, or assets in lieu of returned assets through the plan to the chapter 13 trustee for distribution. Thus, in reality, funds or assets returned to the debtor, or money in lieu of returned funds or assets are distributed to creditors, and the disbursement, though indirect, eventually finds its way to the creditors.

Therefore the Court finds that when a debtor converts his case from chapter 7 to chapter 13, and assets or funds already collected by the chapter 7 trustee are returned to the debtor-in-possession, a chapter 7 trustee has made a disbursement to a party in interest other than the debtor, within the meaning of § 326(a), and is entitled to statutory compensation.

█ The next issue is to how much compensation is the chapter 7 trustee entitled? Though § 326(a) sets forth the allowed compensation, it is modified by the requirement that when more than one trustee serves in a case, the aggregate fee of the trustee cannot exceed the statutory maximum of § 326(a), (b). 11 U.S.C. § 326(c). When a chapter 7 case is converted to chapter 13, there is no dismissal followed by refiling, but rather the debtor *converts* the case. § 706. The converted case is the same case, with the same case number, same date of filing, and same creditors. Therefore, when a case is converted from chapter 7 to chapter 13, at least two trustees will serve in the same case, and under § 326(c), their aggregate fee cannot exceed the statutory maximum of § 326(a), (b).

In this district, the chapter 13 trustee is entitled to a maximum fee of 5% of the payments distributed to creditors through the plan. In the chapter 13 case converted from a chapter 7, the chapter 13 trustee makes the actual distribution to creditors and would thus be entitled to a fee. Furthermore, as the Court has held, the chapter 7 trustee is also entitled to a fee. Because both trustees contributed to the collection and distribution of the assets, it is the holding of this Court that each trustee is entitled to one-half of the maximum aggregate fee allowed by § 326(c). If either trustee's one-half share exceeds his statutorily allowed maximum fee, the other trustee may receive the balance.

In the instant case, $1,636.59 was collected by the chapter 7 trustee. Under § 326(a), the chapter 7 trustee would be entitled to 15% of the first $1,000, and 6% of the remainder, or $188.20. The chapter 13 trustee would be entitled to 5% of the $1,636.59 or $81.83. Thus the maximum fee allowed under § 326 is $188.20, and the aggregate of the two trustees' fee cannot exceed this amount.

Dividing this maximum amount in half, each trustee is entitled to $94.10 each. As the maximum fee the chapter 13 trustee could receive is $81.83, the chapter 7 trustee is entitled to the balance of the $188.20.

Therefore the Court orders the chapter 13 trustee's fee in this matter is $81.83 and the chapter 7 trustee's fee is $106.37.

The Court is well aware the trustee in bankruptcy has been referred to as a beleaguered creature and an endangered species. The Court has intended by this opinion to compensate the trustee for work performed and fees earned within the letter and spirit of § 326, while upholding the policy of § 326(c) of not doubling-up on the fees taken in an individual bankruptcy case.

The Court further finds the chapter 7 trustee's application for expenses in the amount of $17.20 for "copies, postage, and clerical and office overhead" should be allowed and they are ordered paid.

█ Finally, the chapter 7 trustee requests attorney's fees in the amount of $90.00, representing 1½ hours spent as attorney for the trustee researching a novel exemption question. The question was whether a car owned by the debtor as a collector's item is exemptible in Kansas even though the car probably was not used as the debtor's "regular" means of transportation under K.S.A. § 60–2304. The requested attorney's fees also represented time spent in the preparation and filing of objections to claimed property, and investigation of a country club's bylaws to determine whether under § 541 stock in the country club is property of the estate. The stock, when relinquished by the debtor, would be worth $250, but when relinquished would also forfeit the debtor's membership in the country club.

Under these circumstances, the Court finds the requested fees reasonable, under § 328, and not duplicative of the trustee's duties under § 330, and allows the requested fees in the amount of $90.00.