**James R. KANDEL, Appellant,**

v.

**ALEXANDER LEASING CORP., et al., Appellees.**

**No. C88–715A.**

United States District Court, N.D. Ohio, E.D.

Dec. 21, 1988.

Thomas E. Lammert, Howard Mentzer, Rajko Radonjich, Akron, Ohio, for plaintiff.

John L. Woodard, Woodard & Bohse, Dover, Ohio, for defendants.

**MEMORANDUM OPINION**

DOWD, District Judge.

### I. INTRODUCTION.

Before this Court is an appeal from the United States Bankruptcy Court regarding the compensation due the Trustee for services rendered in the bankruptcy proceedings of Alexander Leasing Corp. and George Alexander, Inc. It is the contention of the Trustee-appellant that the Bankruptcy Court erred as a matter of law in determining the basis for calculating the

amount of compensation he is statutorily entitled to for services rendered in the administration of a consolidated Chapter 11 proceeding. No response to the appellant's brief has been filed.

This Court's jurisdiction to hear appeals from a judgment, order or decree of a United States Bankruptcy judge is pursuant to 28 U.S.C. § 158(a).

Bankruptcy Rule 7052 provides that Rule 52 of the Federal Rules of Civil Procedure applies to adversary proceedings. As such, a bankruptcy court's findings of fact are to be accepted on appeal by the District Court unless found to be "clearly erroneous." 11 U.S.C. § 8013. On the other hand, it is well established that the clearly erroneous standard of review does not apply to a bankruptcy court's conclusions of law, which are freely reviewable by the District Court on Appeal.

## II. BACKGROUND.

### A. *Facts.*

The story begins with a coal broker, Seasons Coal Company, Inc., entering into a contract with the City of Cleveland to furnish coal for the Municipal Light Plant. George Alexander, dba Alexander Coal Company, provided the coal for the above contract. The City of Cleveland refused to pay for the coal, and on December 20, 1976, Seasons Coal Company, Inc. and Alexander Coal Company filed a law suit against the City of Cleveland. On July 1, 1981, a judgment was entered for plaintiffs in the amount of $1,231,780.20. Of that amount,

it was determined by the Common Pleas Court, Cuyahoga County, that George Alexander, dba Alexander Coal Company, was entitled to $625,697.95. The Court of Appeals reversed, however, on April 18, 1984, the Ohio Supreme Court, 10 Ohio St.3d 77, 461 N.E.2d 1273, reversed the Court of Appeals and reinstated the judgment of the trial court. On July 20, 1984, the City of Cleveland deposited the judgment amount with the Clerk of Courts.[1]

During the time the above litigation was in progress, Alexander Leasing Corp. and George Alexander, Inc. filed voluntary petitions under Chapter 11 of Title 11 of the United States Code on October 12, 1982 and July 1, 1983, respectively. Among the scheduled assets of the Alexander Leasing Corp. was the above-described obligation by the City of Cleveland.

In June, 1983, appellant James R. Kandel was appointed Trustee for the Alexander Leasing Corp. In February, 1986, the two related bankruptcy proceedings, upon motion of Trustee Kandel, were consolidated and thereafter administered by Kandel.

It is while the Alexander entities were making their way through bankruptcy proceedings that the litigation with the City of Cleveland, claimed as an asset by Alexander Leasing Corp., came to fruition. A receiver was appointed and ordered to distribute the monies pursuant to a March 21, 1985, Order by the Court of Common Pleas.[2] Nothing appears in the order to suggest that any monies were delivered to the Trustee.

---

**1.** The Order of the Court of Common Pleas, Exhibit C to the Application of Trustee for Final Compensation, contains two amounts, $1,231,-780.20 and $1,231,708.20. It appears that a simple inversion has taken place. Although this Court is unsure which of the two numbers represents the correct amount, the difference represents such a small fraction of the total so as not to be material should appellant succeed.

**2.** A copy of the Order is attached to the Application of Trustee for Final Compensation, and provides

[T]he Receiver, Timothy J. Potts is hereby instructed to pay over the balance of the funds, save only an amount sufficient to compensate the Receiver for his services, to George Alexander, Inc., Debtor-in-Possession,

and John L. Woodard its attorney. Said funds to be transmitted to George Alexander, Inc., Debtor-in-Possession for deposit in the Debtor-in-Possession account in Bankruptcy Case No. 683–0725, Northern District of Ohio, Eastern Division, at Canton, Ohio, for further disposition and determination of the claims against said funds by the claimants to the fund and pursuant to direction of the United States Bankruptcy Court in the aforementioned case.

Upon determination of the compensation for Timothy J. Potts, by the court, he is instructed to payover any remamining [sic] balance, after payment of fees and expenses, to the Debtor-in-Possession in the United States Bankruptcy Court, Case No. 683–0725.

B. *Trustee's Claim for Compensation.*

All parties are in agreement that the method of calculating the compensation due a trustee appointed in a Chapter 7 or Chapter 11 proceeding is established by 11 U.S.C. § 326(a) as that statute existed prior to its amendment by the Bankruptcy Amendments and Federal Judgeship Act of 1984, which provides in pertinent part:

> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under § 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, three percent on any amount in excess of $3,000 but not in excess of 20,000, two percent on any amount in excess of $20,000 but not in excess of $50,000, and one percent on any amount in excess of $50,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

In his application for final compensation, the trustee asserted that the basis for determining the statutory fee should be $32,-791.96 [3] plus $1,231,780.20 [4] and accrued interest. Alternatively, the trustee suggested that the $32,791.96 be added to $666,-119.32, the latter being the sum disbursed by the state court receiver to the debtor, the holders of various secured claims against the debtor and certain administrative claimants of the debtor. The trustee argues he is entitled to inclusion of the payment of judgment in the statutory computation of his fee because he was responsible for the confirmed Plan of Arrangement implemented to distribute the judgment funds placed into the hands of the receiver in satisfaction of creditors of the bankrupt Alexander entities.

In the Response of the Debtor in Possession to the Trustee's Application, it was not disputed that the Trustee is entitled to statutory compensation based on $32,791.96, however, the debtor-in-possession disputed inclusion of $1,231,780.20 or $666,119.32 in the base amount for computing the statutory fee. Debtor-in-possession argues that the language of the controlling statute only permits compensation based on "all monies disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims," and that the monies resulting from judgment against the City of Cleveland were never delivered to the trustee so that he would be in a position to disburse or turn over the funds.

In his Memorandum of Decision addressing the matter of the trustee's compensation, the bankruptcy judge found that the only sums to come into the hands of the trustee were those totaling $32,791.96, and that, as a matter of fact, none of the monies from the judgment against the City of Cleveland were disbursed or turned over by the trustee. Applying this finding of fact to the language of 11 U.S.C. § 326(a) prior to its amendment in 1984, the bankruptcy judge held that the judgment monies were not "monies disbursed or turned over in the case by the trustee ...," and thus not properly part of the base amount for calculation of the trustee's commission. Applying the formula of the statute to the amount of $32,791.96, the bankruptcy judge awarded the trustee $1,035.84 in compensation.

C. *Appeal.*

Appealing the bankruptcy court's decision, the trustee argues that the Bankruptcy Court's narrow interpretation of 11 U.S.C. § 326(a) excluding any portion of the judgment monies from the basis of the statutory calculation of his compensation is incorrect. In the alternative, the trustee argues that in the event the bankruptcy court's reading of the statute is correct, he is entitled to further compensation under the theory of quantum meruit.

---

**3.** All parties agree that this amount was received by the trustee in his administration of the Alexander Leasing Corp. case.

**4.** This figure represents the amount paid into the state court by the City of Cleveland in payment of the judgment rendered against it.

## III. LAW AND DISCUSSION.

■ 11 U.S.C. § 326(a) controls the determination of the amount of compensation to be awarded trustees appointed in a Chapter 7 or Chapter 11 proceeding. Because the bankruptcy proceedings involved in this case were instituted prior to 1984, the trustee's compensation in this case is limited by 11 U.S.C. § 326(a) as written prior to the 1984 Amendments, even though the trustee in this case was not appointed until after the effective date of the amendment. *In re Orange Coast Plastic Molding, Inc.*, 64 B.R. 798 (Bkrtcy.C.D. Calif.1986).

■ 11 U.S.C. § 326 permits the Court to award a trustee reasonable compensation for his services. The language of the statute is permissive rather than mandatory in that it fixes the maximum compensation of a trustee, and it is not to be construed as an entitlement to the maximum fee specified; the Court is to determine a reasonable compensation, within the limits of § 326, based upon "all monies disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor...." *See,* 2 *Collier on Bankruptcy,* ¶ 326.01 (n. 1), at 326.

The bankruptcy judge made a finding of fact that "none of the proceeds from the settlement of the City of Cleveland's litigation was disbursed or turned over by the trustee," and that "the only sums to come into the trustee's hands were those totaling the aforementioned $32,791.96." Memorandum of Decision of United States Bankruptcy Judge, James H. Williams, in the United States Bankruptcy Court for the Northern District of Ohio, Case No. 682–01398, docket # 198. The language of the March 21, 1985 Order by the Court of Common Pleas speaks only of the judgment monies passing through the Court appointed receiver directly to the debtor-in-possession for distribution pursuant to the direction of the United States Bankruptcy Court, and makes no mention of the monies being transferring by or through the trustee. The trustee himself can point to no time in which the monies actually passed through his hands. As such, this Court finds the Bankruptcy Court's determination that the trustee never literally disbursed or turned over judgment monies to parties in interest is not clearly erroneous, and must be accepted by this Court.

■ Unlike the limited standard of review this Court may exercise with respect to the Bankruptcy Court's finding of fact, this Court may freely review the Bankruptcy Court's conclusions of law. While appellant asserts that the Bankruptcy Judge's Memorandum of Decision did not cite any case law to support his literal reading of § 326(a), appellant himself cites no cases which persuade this Court that compensation for services rendered in a fully administered case is appropriate for monies not handled pursuant to the language of § 326. Indeed, cases cited by appellant observe that a literal reading of § 326 is appropriately applied in fully administered cases. *Matter of Stabler,* 75 B.R. 135, 136 (Bkrtcy.M.D.Fla.1987); *In re Woodworth,* 70 B.R. 361, 362 (Bkrtcy.N.D.N.Y.1987); *Matter of Parameswaran,* 64 B.R. 341, 343 (Bkrtcy.S.D.N.Y.1986); *Matter of Pray,* 37 B.R. 27, 30 (Bkrtcy.M.D.Fla.1983).

■ Appellant's second argument in support of compensation is grounded in the theory of quantum meruit. This argument is based on case law which stands for the proposition that the trustee is entitled to compensation on a quantum meruit basis when the trustee performs substantial services but does not disburse any monies in cases not fully administered through no fault of the trustee. *Matter of Stabler,* 75 B.R. 135, 136 (Bkrtcy.M.D.Fla.1987); *In re Woodworth,* 70 B.R. 361, 362 (Bkrtcy.N.D. N.Y.1987); *Matter of Parameswaran,* 64 B.R. 341, 343 (Bkrtcy.S.D.N.Y.1986); *Matter of Pray,* 37 B.R. 27, 30 (Bkrtcy.M.D. Fla.1983). The appellant invites the Court to find that the case was not fully administered, and further find that he is entitled to additional compensation on a quantum meruit basis.

The Court declines to accept appellant's invitation. By appellant's own words, the "case was fully administered by and through the efforts of the Trustee." Brief of Appellant, p. 15 & 17 (docket # 4).

## IV.  CONCLUSION.

This Court finds that the Bankruptcy Court made no material findings of fact that were clearly erroneous.  In addition, this Court finds that the Bankruptcy Court's interpretation of 11 U.S.C. § 326(a) as excluding monies from the judgment against the City of Cleveland from the base amount used in calculating the trustee's compensation is correct as a matter of law. Finally, the Court is unpersuaded by the appellant's disingenuous argument that subject bankruptcy case was not fully administered, and denies appellant's request for quantum meruit compensation.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED the decision of the Bankruptcy court limiting appellant-trustee's compensation to $1,035.84 is affirmed.  This appeal is hereby dismissed.