In re David B. MOORE, Robert R. Ewing, Jr., Jennifer Lynn Mann, Newton Noe, Jr., Debtors.

Bankruptcy Nos. 98–30769(3), 98–30529(3), 97–35771(3), 98–30005(3).

United States Bankruptcy Court, W.D. Kentucky, Louisville Division.

May 28, 1999.

David M. Cantor, Jan C. Morris, Julie Ann O'Bryan, Louisville, KY, for debtors.

J. Baxter Schilling, Louisville, KY, Chapter 7 Trustee.

William W. Lawrence, Louisville, KY, Chapter 13 Trustee.

Mr. Joseph J. Golden, Louisville, KY, Assistant U.S. Trustee.

### MEMORANDUM

DAVID T. STOSBERG, Chief Judge.

The court addresses today the question of the allowance of compensation to a chapter 7 trustee who discovers assets during the debtor's chapter 7 case, which leads to the debtor's conversion of the chapter 7 case to a chapter 13 proceeding. We now endeavor to establish the basis and procedure for determining a chapter 7 trustee's compensation in this limited situation. By separate order, the above four chapter 13 cases are scheduled for a status hearing to determine the necessity for an evidentiary hearing on the debtors' objections to the applications for compensation filed by the trustee, J. Baxter Schilling ("Schilling").

On September 14, 1998, the three Judges of this court conducted an en banc hearing to consider the arguments of the chapter 7 trustee, the United States Trustee, and the debtors' attorneys with reference to Schilling's request for compensation. The court accepted post-argument briefs by the parties, and submitted the matter for decision.

The court must now determine the methodology and procedure for compensating a chapter 7 trustee when the case is converted to chapter 13 due to the discovery by the trustee of assets, but before disbursement of money by the trustee. After conversion of these four cases to chapter 13, Schilling filed applications for compensation. In three of the four cases, Schilling seeks compensation based on the formula for chapter 7 trustee's set out in § 326(a) applied against the total amount

of money to be distributed pursuant to the chapter 13 plans. In the fourth case, Schilling filed a detailed description of the services actually performed on the chapter 7 case and seeks compensation for the time spent on the case multiplied by his normal hourly rate. All four debtors filed objections. Debtors argue that the trustee is not entitled to a percentage-based fee under § 326(a) or an itemized fee for services rendered, unless the trustee fully administers the case.

## Legal Analysis

Section 330 generally governs compensation of officers, including the trustee, and provides, in pertinent part:

(a) [T]he court may award to a trustee,
. . .

(1) reasonable compensation for actual, necessary services rendered by such trustee, . . .; and

(2) reimbursement for actual, necessary expenses.

Pursuant to 11 U.S.C. § 326(a), a chapter 7 trustee's compensation is computed as various percentages of all moneys disbursed or turned over to parties in interest. Section 326(a) provides:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10% on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

■ Section 326(a) permits the court to award a trustee "reasonable compensation." The language is permissive and the percentages provide the maximum fee the trustee may receive based upon "all moneys disbursed or turned over in the case by the trustee . . ." *Kandel v. Alexander Leasing Corp.*, 107 B.R. 548, 550 (N.D.Ohio 1988). The court is to determine a reasonable compensation and the maximum fee permitted is not an automatic entitlement. *Id.; See also*, 2 Collier on Bankruptcy § 326.01–326.02 (15th ed. rev. 1998). The statute, unfortunately, fails to address the appropriate fee in a case where the trustee discovers assets, but is stymied from distribution by a conversion. And conversion is an absolute right accorded debtors under the Bankruptcy Code. 11 U.S.C. § 706.

A literal application of section 326(a) would appear to provide that if no funds were disbursed by the trustee to creditors, there are no funds to which the percentage formula may be applied. *In re Berry*, 166, B.R. 932, 934 (D. Oregon 1994). Most bankruptcy courts addressing this question, however, decline to apply a literal reading of § 326(a) and restrict application of the section to fully administered cases only. *Id.* See *In re Stabler*, 75 B.R. 135 (Bankr.M.D.Fla.1987); *In re Parameswaran*, 64 B.R. 341 (Bankr.S.D.N.Y.1986); *In re Smith*, 51 B.R. 273 (Bankr.D.C.1984); *In re Pray*, 37 B.R. 27 (Bankr.N.D.Fla. 1983). *See also*, *In re Rennison*, 13 B.R. 951 (Bankr.W.D.Ky.1981) (concerning voluntary dismissal). Rather, where a case is converted or dismissed, several courts have authorized compensation to the trustee upon a showing that the trustee has provided substantial services which benefit the estate. *Id.* One court denied the trustee compensation, but explained that the denial of fees was premised on the minimal services actually performed by the trustee. *In re Woodworth*, 70 B.R. 361, 362 (Bankr. N.D.N.Y.1987) (The court, however, awarded fees to the trustee's attorney who had performed the majority of the services relating to recovery of the automobile.)

■ We adopt the reasoning of *In re Berry* and hold that the chapter 7 trustee should be compensated on a quantum me-

ruit basis in a case that is not fully administered, through no fault of the trustee, where the trustee performs substantial services that result in discovery of assets for the benefit of creditors. Conversely, the court does not envision windfalls for the trustee merely because a debtor converts for reasons unrelated to action by the trustee. We are further convinced that the effect of this decision will be to discourage a debtor's intentional concealment of assets and encourage a trustee's diligent discovery of assets. Having found the trustee is entitled to compensation in these rare situations, we must now address the proper procedures for determining the trustee's compensation.

### Established Procedures

■ 1. In order to receive a fee, the chapter 7 trustee shall file a detailed, itemized application for compensation by the earlier of thirty days after the conversion or seven days prior to the first scheduled chapter 13 meeting of creditors.

■ 2. Fees will be awarded on a case-by-case basis, and the burden is on the trustee to establish entitlement to the fee through a detailed description of the services provided. The application should demonstrate a nexus between the trustee's efforts and the uncovering of assets. The court will closely scrutinize the fee application.

■ 3. Upon the filing of the fee application by the trustee, the debtor and other interested parties will be granted an opportunity to object no later than the date of the confirmation hearing. Absent an objection, the application will be accorded presumptive validity. At the confirmation hearing, the court will determine whether to consider further evidence on the matter or grant the trustee the requested fee. If the application is approved, the chapter 7 trustee's fee will be paid as a chapter 13 administrative expense claim.

■ 4. Finally, the trustee is entitled to compensation based on the reasonable value of the actual and necessary services rendered by the trustee on a quantum meruit basis. The trustee must prove entitlement to the fee upon the facts of each case. In certain cases, reasonable compensation may be determined by computing the percentage formula of § 326(a) based on the total amount of funds to be paid by the debtor to the chapter 13 trustee through the plan.