**394**

**J. Baxter SCHILLING, Appellant,**

v.

**Terry KINSLOW and Ann
Kinslow, Appellees.**

**No. 3:02CV–490–S.**

United States District Court,
W.D. Kentucky,
at Louisville.

Dec. 2, 2002.

———

J. Baxter Schilling, Louisville, KY, pro se.

Michelle Marie O'Bryan, O'Bryan & Denbow, Louisville, KY, for appellee.

William W. Lawrence, Louisville, KY, trustee.

## MEMORANDUM–OPINION

SIMPSON, District Judge.

This matter is before the court on appeal from the decision of the United States Bankruptcy Court awarding appellant, J. Baxter Schilling ("Schilling") a fee of $262.50 and expenses of $29.33. The debtors, Terry and Ann Kinslow, originally filed a Chapter 7 bankruptcy petition, and Schilling was appointed as trustee. After Schilling discovered the debtors' equity in their residence, he moved to auction the residence, and to extend the deadline to file a non-discharge complaint. When negotiations between Schilling and the debtors failed, the debtors converted their case from Chapter 7 to Chapter 13. Following the conversion, Schilling filed an application for fees in which he sought compensation based on a percentage of the amount the debtors proposed to pay their creditors under their Chapter 13 plan.

The Bankruptcy Court originally awarded Schilling a fee of $225.00 and expenses of $29.33 after an analysis of the factors found in 11 U.S.C. § 330(a)(3)(A)-(E). When Schilling filed a motion to reconsider, alter and amend order, the court increased his fee by $37.50 to $262.50.

### Standard of Review

██ This court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard. *Bankr.R.* 8013. We will not reverse an award of fees unless there has been an abuse of discretion. *In re Boddy* 950 F.2d 334, 336 (6th Cir. 1991). "An abuse of discretion occurs in this context if the bankruptcy judge fails to apply the proper legal standard or follow the proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *In re Kula*, 213 B.R. 729, 735 (8th Cir. BAP1997).

### Analysis

██ In a case that has been converted from Chapter 7 to Chapter 13 prior to liquidation of assets, the Chapter 7 trustee should be compensated on a *quantum meruit* basis "where the trustee performs substantial services that result in discovery of assets for the benefit of creditor." *In re Moore*, 235 B.R. 414, 417 (Bankr. W.D.Ky.1999).

 In these cases, the correct analysis for determining compensation is found in 11 U.S.C. § 330(a)(3)(A-E). The statute specifically requires the court to look at the time spent on such services. 11 U.S.C. § 330(a)(4)(A). Under § 330(a)(3)(A), were a court to consider awarding a percentage based fee in this situation, it would still have to be based upon a reasonable amount of time expended and a reasonable rate. Therefore, the court did not abuse its discretion when it considered the time Schilling spent on the case in determining the fee to which he was entitled.

██ In its opinion, the court made specific findings on each of the elements required by 11 U.S.C. § 330(a)(3)(A-E). Each of the court's conclusions is supported by evidence in the record.

Specifically, the court found that Schilling did not provide a detailed itemization of the work which he performed and that

most of the services were part of his required duties as trustee. The court also found that a rate of $150 was a reasonable hourly rate, based on fee requests made and awarded in this community. Both of these determinations were findings of fact based on the evidence. They were not clearly erroneous, and thus cannot be overturned by this court.

In reviewing Schilling's fee application, the Bankruptcy Court utilized the proper analysis and did not abuse its discretion. As such, this court has no basis for reversing its findings.

For the above stated reasons, the decision of the Bankruptcy Court is **AFFIRMED**.