In re John Edward **PIVINSKI**, Debtor.

No. 05–13373(BLS).

United States Bankruptcy Court, D. Delaware.

April 2, 2007.

Fred Barakat, Wilmington, DE, for Debtor.

### *MEMORANDUM OPINION*

BRENDAN LINEHAN SHANNON, Bankruptcy Judge.

Before the Court is the Application of Montague S. Claybrook, Chapter 7 Trustee, for Compensation for Services Rendered as Chapter 7 Trustee for the Period October 11, 2005 Through December 21, 2006 (the "Fee Application") requesting payment of $6,502 in fees and $96.89 in expenses. Mr. Pivinski (the "Debtor") opposes the Fee Application, arguing that the chapter 7 trustee's request is excessive, unreasonable, and in violation of a previous settlement agreement entered into between the parties. For the reasons stated below, the Court concludes that the chapter 7 trustee is entitled to a chapter 13 administrative expense claim of $1,096.89.

### *BACKGROUND*

On October 11, 2005, the Debtor commenced the above-captioned case (the

"Case") by filing a voluntary chapter 7 "no-asset" petition. It appears that the Case was an emergency filing as it was commenced on the cusp of the effective date of the recent amendments to the Bankruptcy Code (the "Code"). Mr. Claybrook was appointed as chapter 7 trustee (the "Trustee"). Following the section 341(a) Meeting of Creditors held on December 21, 2005, the Trustee determined that equity existed in a parcel of real property owned by the Debtor and treated as his primary residence. Shortly thereafter, the Trustee filed a Notice modifying the Case to an "asset case". [Docket No. 17]

The Debtor contends that, upon reviewing the claims with his counsel after the commencement of the Case, it was determined that over ninety percent of the general unsecured claims in the Case (approximately $24,000 out of $26,000 in claims) were barred by applicable state statutes of limitation and thus subject to disallowance.[1] Faced with this turn of events, the Debtor promptly sought to dismiss his chapter 7 case. [Docket No. 15]. The Trustee opposed the request absent certainty that the creditors would be paid in full. [Docket No. 16]. On February 2, 2006, the Court denied without prejudice the Debtor's request to dismiss his case. [Docket No. 21].

According to the Debtor, in June 2006, the Debtor and the Trustee reached a settlement in principle (the "Settlement Agreement") under which the Debtor agreed to pay his creditors in full over twenty-two months (a total sum of approximately $2,300), and to pay $1,000 to the Trustee. See Debtor's Response to the Fee Application, Ex. A [Docket No. 54]. The correspondence containing the terms of the Settlement Agreement indicates that the Trustee was to memorialize the terms in a stipulation and submit it for Court approval.

The Trustee never prepared a stipulation for Court approval. Rather, on September 7, 2006, the Trustee sought Court approval to sell the real property and to hire a real estate broker. [Docket Nos. 25 & 26]. The Debtor moved to convert the Case to a case under chapter 13, asserting that once the stale and disputed claims were disallowed, the remaining claims could be paid in full through a chapter 13 plan. [Docket No. 30].

On December 22, 2006, the Court entered an order granting the Debtor's request to convert the Case. [Docket No. 42]. The services of the Trustee were terminated, and Michael B. Joseph was appointed chapter 13 trustee. On January 4, 2007, the Debtor filed his chapter 13 plan, indicating a total unsecured debt of $2,369.31 and proposing to pay his creditors in full over thirty-six months. [Docket No. 49]. The Debtor's plan does not contain any provision for payments to the Trustee.[2]

Shortly after the Debtor filed his proposed plan, the Trustee filed the Fee Application, seeking allowance of an administrative expense in the amount of $6,502 for his services and $96.89 for his expenses. According to the Trustee, his request for compensation is less than the statutory maximum set forth in 11 U.S.C. § 326(a), based upon the amounts that would have been distributed to the Debtor's creditors from the chapter 7 estate. The Debtor has objected, asserting that the amounts requested by the Trustee are excessive and unreasonable. More specifically, the

---

1. By Order dated March 8, 2007, the Court disallowed claims totalling $24,350.

2. For the sake of clarity, the Court notes that the proposed plan does provide for payment of a commission to the chapter 13 trustee.

Debtor argues that the statutory minimums set forth in section 326(a) are calculated based upon the amounts distributed to the Debtor's creditors from the chapter 13 estate, rather than from the chapter 7 estate. Therefore, because only approximately $2,300 will be distributed under the Debtor's chapter 13 plan, the Trustee may only collect a maximum of $575.[3] Moreover, the Debtor argues that the $6,500 fee request is excessive, given that only $2,300 will be distributed to the Debtor's creditors and that the Debtor, not the Trustee, pursued and obtained the disallowance of two claims totaling over $24,000. Finally, the Debtor contends that the Fee Application violates the terms of the Settlement Agreement, which contemplated a fee of $1,000 for the Trustee. A hearing on the Fee Application was held on February 27, 2007, at which time the Court took the matter under advisement.

### *JURISDICTION*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

### *DISCUSSION*

An award of trustee compensation as an administrative expense is governed by section 330 of the Code. Under section 330, a trustee may be awarded "reasonable compensation for actual, necessary services rendered ... and ... reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). To determine the "amount of reasonable compensation", the Court must consider several factors:

the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(E).

An award of reasonable compensation to a chapter 7 trustee under section 330 is not limitless. Rather, it is subject to the statutory maximums set forth in section 326(a). 11 U.S.C. § 330(a)(1) ("After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee...."). According to section 326(a), an award of compensation under section 330 to a chapter 7 trustee for his services may not exceed:

25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed

---

3. In the Debtor's response to the Fee Application, the Debtor calculated the statutory maximums set forth in section 326(a) based upon a $2,000 distribution. The Debtor's proposed plan indicates that $2,369.31 will be distributed to the Debtor's creditors over the length of the plan.

or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

Although the language of section 326(a) seems straightforward, it "becomes the source of controversy when a former Chapter 7 Trustee seeks compensation in a case that is converted to one under Chapter 13 prior to the disbursement of any monies by the trustee in the Chapter 7 case." *In re Silvus*, 329 B.R. 193, 206 (Bankr.E.D.Va.2005). A brief examination of the relevant case law reveals no fewer than six different lines of decision. *See id.* at 206–13 (providing an in-depth analysis of the six theories: the *quantum meruit* theory; "the 'multiple' or 'composite' trustee theory; the theory that the plain language of Section 326(a) precludes such an award; the theory that the Chapter 13 case should be treated as a separate and distinct from the Chapter 7 case; the 'constructive disbursement' theory; and the theory that fees may be awarded pursuant to Section 105 of the Bankruptcy Code").

█ The first, and perhaps the harshest, line of cases relies upon the plain language of section 326(a) to preclude a former chapter 7 trustee from an award of compensation following conversion if no disbursements were made pre-conversion. *See, e.g., In re Celano*, No. 01–1310, 2001 WL 1586778, at *3 (E.D.La. Dec.7, 2001), *aff'd*, 54 Fed.Appx. 591 (5th Cir.2002); *Silvus*, 329 B.R. at 214; *In re Evans*, 344 B.R. 440, 453–54 (Bankr.W.D.Va.2004); *In re Murphy*, 272 B.R. 483, 485–86 (Bankr. D.Colo.2002). Under this strict interpretation of section 326(a), courts focus upon the amount of disbursements *actually* made by the chapter 7 trustee pre-conversion:

> [T]he language of Section 326(a) is clear and unambiguous: that reasonable compensation to a Chapter 7 Trustee is to be computed based "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." ... Thus, without any disbursements or money turned over to any parties in interest, there can be no calculation of compensation.

*Silvus*, 329 B.R. at 215.

The more liberal lines of cases, representing the majority view, refuse to apply section 326(a) to cases which are not fully administered through no fault of the trustee. *See In re Moore*, 235 B.R. 414, 416 (Bankr.W.D.Ky.1999) ("The statute, unfortunately, fails to address the appropriate fee in a case where the trustee discovers assets, but is stymied from distribution by a conversion."), *aff'd, Schilling v. Moore*, 286 B.R. 846 (W.D.Ky.2002); *In re Pray*, 37 B.R. 27, 29 (Bankr.M.D.Fla.1983) ("One can readily envision a grossly, inequitable result which might result from a literal application of § 326 in such instances."). Rather, these decisions award compensation to a trustee "based upon the reasonable value of the actual and necessary services which were rendered by the trustee on a *quantum meruit* basis." *In re Berry*, 166 B.R. 932, 935 (Bankr.D.Or. 1994); *see also Moore*, 235 B.R. at 417; *In re Washington*, 232 B.R. 814, 817 (Bankr. S.D.Fla.1999); *(In re Tweeten Funeral Home, PC)*, 78 B.R. 998, 1000 (Bankr. D.N.D.1987); *In re Stabler*, 75 B.R. 135, 136 (Bankr.M.D.Fla.1987); *In re Woodworth*, 70 B.R. 361, 362–63 (Bankr. N.D.N.Y.1987); *In re Parameswaran*, 64 B.R. 341, 344–45 (Bankr.S.D.N.Y.1986); *In re Smith*, 51 B.R. 273, 275 (Bankr.D.D.C. 1984); *Pray*, 37 B.R. at 29–30. Under the theory of *quantum meruit*, if a trustee "performs substantial services that result in discovery of assets for the benefit of creditors", he is entitled to compensation

based upon the reasonable value of those services. *Moore,* 235 B.R. at 416; *see also Pray,* 37 B.R. at 30 ("When one considers an award on equitable principles and based upon *quantum meruit,* one must obviously consider the nature and extent of the services rendered by the Trustee."). "[T]he burden is on the trustee to establish entitlement to the fee through a detailed description of the services provided. The application should demonstrate a nexus between the trustee's efforts and the uncovering of assets." *Moore,* 235 B.R. at 417.

Here, the Court adopts the reasoning set forth by the majority line of cases and will apply principles of *quantum meruit* to the Trustee's compensation request. To preclude a recovery pursuant to section 326(a) would conflict with Congress' intent to encourage the conversion of chapter 7 cases to those under chapter 13 where circumstances permit a debtor to repay all or a portion of his or her debts. Denial of compensation to a chapter 7 trustee in a converted case would also create a perverse incentive for a chapter 7 trustee to discourage conversion and keep cases in chapter 7. Moreover, as courts have noted, the allowance of trustee compensation in a case not fully administered will "discourage a debtor's intentional concealment of assets and encourage a trustee's diligent discovery of assets." *Moore,* 235 B.R. at 416–17.

▮ In the instant case, the Trustee created an "asset case" through his discovery of equity in the Debtor's primary residence. After such discovery, the Trustee acted in good faith, objecting to the Debtor's motion to dismiss to ensure that the Debtor's creditors would be paid 'in full.

However, the Trustee's efforts after the Court's February 2, 2006 Order denying the Debtor's motion to dismiss, including the Trustee's attempt to sell the Debtor's primary residence, were not beneficial to the estate. At that point, both the Trustee and the Debtor knew that only approximately $2,300 worth of claims existed. The record is unclear as to why the Case dragged on for so long, and neither party has provided the Court with a satisfactory explanation. However, it is simply inconceivable that the Debtor would have permitted his primary residence to be sold under these circumstances, where no mortgage default had been alleged, so the Trustee's exercise in moving to engage a broker and sell the property did not confer any benefit upon the estate.[4] Additionally, with so few claims, it should not have been difficult for the parties to resolve, administer, or otherwise dispose of the Case.

Consistent with other courts that have applied *quantum meruit* to a trustee's fee request, this Court is mindful of the Trustee's modest involvement and activity. "[T]he trustee did not prepare any inventory; was not required to collect any tangible assets of the estate; was not called upon to safekeep and to preserve any assets; and did not, in the strict sense, liquidate anything whatsoever." *Parameswaran,* 64 B.R. at 344; *accord Pray,* 37 B.R. at 30; *Woodworth,* 70 B.R. at 362. Moreover, the Court notes that it was Debtor's counsel who acted to successfully eliminate $24,350 in claims, ensuring that holders of allowed claims would receive payment in full. *See Woodworth,* 70 B.R. at 363 (denying trustee fees where trustee's attorney handled the beneficial services); *accord Pray,* 37 B.R. at 31.

---

4. While it may be true that the sale motion moved the Case forward by requiring the parties to focus on it, the Court believes a phone call (or completion of the proposed Settlement Agreement) should have been enough.

■ In light of the foregoing, while the Trustee has sought $6,502 in fees for services through December 21, 2006 (the date of conversion), the Court concludes that an award of fees and expenses for services through February 2, 2006 (the date of denial of the Debtor's motion to dismiss) is more appropriate.[5] This amount, however, will be further reduced as the Court must balance the need to fairly compensate the Trustee under *quantum meruit* with principles of reasonableness requiring the Court to examine, among other things, the magnitude of the Debtor's distributions under his proposed plan.[6] *See* 11 U.S.C. § 330(a)(3) ("In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors . . . ."); *see also Schilling*, 286 B.R. at 850 ("On the issue of reasonable fees, 'the court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). At present, the Debtor's proposed plan indicates a total unsecured debt of $2,369.31. The Debtor has proposed to pay these claims in full through a three-year chapter 13 plan. A compensation award to the Trustee of $1,855—a sum equal to seventy-eight percent of the unsecured claims pool—is patently unreasonable in the context of the funds to be distributed under the plan.

The Court instead will reduce the award of fees to the Trustee to $1,000. This amount is more reasonable in light of: (i) the services performed; (ii) the other claims subject to distribution under the chapter 13 plan; and (iii) the terms of the proposed Settlement Agreement, negotiated by the parties with the knowledge of the total unsecured debt.[7] The Court will also award expenses to the Trustee in the amount of $96.89, the amount of his actual and necessary expenses.

## CONCLUSION

For the foregoing reasons, the Court finds that the Trustee is entitled to an award of reasonable compensation for his services in the amount of $1,000 and reimbursement of actual and necessary expenses in the amount of $96.89. The Court will leave it to the discretion of the chapter 13 trustee and the Debtor whether the foregoing will be paid outside the Debtor's chapter 13 plan, or whether the proposed plan should be modified to reflect the payment to the Trustee.

An appropriate Order follows.

---

5. The Trustee's fees through February 2, 2006 total $1,855.

6. The Trustee urges the Court to consider for its reasonableness analysis the amount of distribution which would have occurred in the Debtor's chapter 7 case. According to the Trustee, the administration of the chapter 7 case would have led to the sale of the Debtor's primary residence, and thus, to a much greater distribution to creditors (including, presumably, the lienholder on the residence). As noted above, the Court does not believe that the residence would have been sold in this Case, so it would be inappropriate to compensate the Trustee on the basis of an unlikely hypothetical outcome.

7. The Court acknowledges that, even as reduced herein, the Trustee's award is very large in proportion to the pool of unsecured claims awaiting distribution under the plan. Nevertheless, given the unusual circumstances surrounding this Case, and the questionable need for the Debtor to commence the Case in the first place, the award to the Trustee is justified.