**In re Tammie R. PHILIPS, Debtor.**

**No. 11–64540–JRS.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Filed Feb. 7, 2014.

Jerry C. Carter, Jr., The Carter Firm PC, Gainesville, GA, Richard K. Valldejuli, Jr., Valldejuli & Associates, LLC, Atlanta, GA, for Debtor.

Adam M. Goodman, Chapter 13 Trustee, Atlanta, GA, Trustee.

C. Brooks Thurmond, III, Atlanta, GA, Trustee.

## ORDER

JAMES R. SACCA, Bankruptcy Judge.

This case presents an issue that has divided bankruptcy courts: how much—if any—of a Chapter 7 Trustee's fees are allowable when the case is converted before it is fully administered. Courts have issued a variety of rulings on this issue, all of which seem to make some sense, but none of which seems completely correct either—at least not in the underlying reasoning.[1] Here, this case was converted from Chapter 7 to Chapter 13 after the Chapter 7 Trustee had performed substantial services related to investigating and liquidating assets but before he had made any disbursements to creditors. The question before the Court is how much compensation he is entitled to, if any.

### Background

The Debtor commenced this case by filing a Chapter 7 petition on May 14, 2011. C. Brooks Thurmond III was appointed Chapter 7 Trustee. He investigated certain transfers and some of the Debtor's assets and ultimately focused on liquidating two assets: a 12.5% interest in Texas Birmingham Investment Group, Ltd. (the "Partnership Interest") and a condominium in Panama City, Florida (the "Condominium"). The Debtor valued each of these assets at $10,000.00 on her Schedule of Assets.

---

1. The Court notes that many of these cases seem to turn on their particular facts, specifically how much work the trustee has actually done and how fair or unfair it would be to allow or deprive him of compensation.

The Chapter 7 Trustee filed a Motion to Sell the Partnership Interest, which the Debtor opposed. After holding an evidentiary hearing, the Court entered an order granting the Chapter 7 Trustee's Motion to Sell the Partnership Interest on April 23, 2013. [Doc. 62]. Between this sale and distributions he had received from the partnership, he collected approximately $91,062.50 on behalf of the bankruptcy estate.

The Chapter 7 Trustee also obtained a contract to sell the Condominium, and on October 23, 2013, he filed a Motion to Sell the Condominium, in which he asserted that the net proceeds of that sale would be approximately $56,123.00. [Doc. 67]. A few weeks later—before the Court heard arguments on this Motion to Sell the Condominium—the Debtor filed a motion to convert her Chapter 7 case to Chapter 13 case pursuant to 11 U.S.C. § 706(a). [Doc. 71]. After a hearing on this motion to convert, the Court entered an order converting this case to Chapter 13 (the "Conversion Order"). [Doc. 79]. To prevent possible prejudice to creditors, the Court also specified in the Conversion Order that the Chapter 7 Trustee should disburse any fees and expenses approved by the Court and then turn over the balance to the Chapter 13 Trustee, rather than the Debtor. The Conversion Order also provided that should the Debtor fail to confirm and complete a Chapter 13 plan, this case would be converted back to one under Chapter 7 so that the Chapter 7 Trustee could continue liquidating assets.

Shortly after entry of the Conversion Order, the Chapter 7 Trustee filed an Application for Compensation (the "Trustee Application"). [Doc. 81]. In the Trustee Application, the Chapter 7 Trustee asserts that he has collected $91,062.50 on behalf of the estate and that he will not disburse any of these funds to the Debtor. He asserts that he provided services worth $19,995.00 but recognizes Congress has capped the fees a bankruptcy trustee can receive and contends he is entitled to $7,803.13 in fees (based on the amount he actually received for the Partnership Interest, calculated using the formula in 11 U.S.C. § 326(a)), plus $105.11 for expenses.

The Chapter 7 Trustee also filed an Application for Compensation for the Attorney for the Chapter 7 Trustee (the "Attorney Application"). [Doc. 82]. In the Attorney Application, the Chapter 7 Trustee (who served as his own attorney) sought $26,520.00 in fees and $503.64 for expenses.

The Court conducted a hearing on the Trustee Application and the Attorney Application (and certain other fee applications) on January 7, 2014.[2] At the hearing, the Debtor's counsel objected to the Trustee Application, initially arguing that the Chapter 7 Trustee should not receive any commission (except for $60 he will receive out of the filing fee) because he would not be disbursing any funds to creditors, but he later acknowledged that the Chapter 7 Trustee should receive a commission on the amounts he disburses to administrative claimants, but not on what he turns over to the Chapter 13 Trustee. The Chapter 7 Trustee argued that the disbursements he makes to administrative claimants and the Chapter 13 Trustee should be considered when calculating the cap on his fees and cited several cases in support of his position.

---

2. Concurrently with this Order, the Court is entering an order approving the Attorney Application, in which the Court is allowing fees in the amount of $23,800.00 and expenses of $503.64—for a total award of $24,303.64—and in which the Court is authorizing the Chapter 7 Trustee to disburse these funds to his law firm.

## Section 326(a): Limits on Individual Trustee Compensation

■ The Bankruptcy Code is unclear regarding how a Chapter 7 Trustee should be compensated when a case is converted. Section 326(a) provides that in a Chapter 7 or 11 case, "the court may allow reasonable compensation under section 330 ... for the trustee's services." 11 U.S.C. § 326(a). Section 330 authorizes the Court to award the trustee "reasonable compensation for actual, necessary services rendered ... and reimbursement for actual, necessary expenses." 11 U.S.C. §§ 330(a)(1). Section 326(a) goes on to specify when this reasonable compensation is due to the trustee: it is "payable after the trustee renders such services." 11 U.S.C. § 326(a).

Section 326(a) then adds a wrinkle—a cap on the amount of fees a Chapter 7 Trustee may be awarded—that has perplexed courts dealing with conversion situations since the enactment of the Bankruptcy Code. This section provides that trustee compensation is "not to exceed" specified percentages [3] "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor." 11 U.S.C. § 326(a). The Code is silent regarding how to calculate this cap when a case has been converted, as opposed to a fully administered Chapter 7

case. This silence has led to a variety of irreconcilable reported court decisions, which are based on as many as six different discernible theories. *See In re Silvus*, 329 B.R. 193 (Bankr.E.D.Va.2005) (expounding the six theories and the cases that rely on them). More simply, these cases tend to fall into three main categories: some cases hold that the amount payable is zero when the trustee has made no disbursements; others hold that the cap simply does not apply to a case that is no longer a case under Chapter 7; still others hold that the cap applies but it is calculated based on funds distributed by *any* trustee after conversion to Chapter 13.

The first line of cases has been described as "perhaps the harshest" because these cases rely on the "plain language" of § 326(a) to conclude that a Chapter 7 Trustee is entitled to zero compensation beyond what is provided for in § 330(b) [4] when a case is converted to Chapter 13 before he disburses any funds. *In re Pivinski*, 366 B.R. 285, 289 (Bankr.D.Del. 2007); *see, e.g., In re Fischer*, 210 B.R. 467, 469 (Bankr.D.Minn.1997) (concluding that a "Chapter 7 trustee's fees are limited by the plain language of section 326(a) to a percentage of moneys Chapter 7 trustees disburse, even in cases that convert to Chapter 13"); *Silvus*, 329 B.R. at 214–15 (concluding that "the language of Section

---

**3.** The cap is calculated as follows: "25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a).

**4.** Section 330(b) provides that a Chapter 7 Trustee shall receive $60, payable from the

filing fee. It seems clear to this Court that this amount was intended as a minimum that a trustee would be paid for administering a no-asset case. *See In re Colburn*, 231 B.R. 778, 783 (Bankr.D.Or.1999) ("[T]he legislative history indicates that § 330(b) was designed to provide a minimum compensation for trustees in no asset cases where the administrative functions of the trustee would be negligible.") (*citing* S. Rept. No. 95–989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) at pp. 40, 41, U.S.Code Cong. & Admin.News 1978, p. 5826–27).

326(a) is clear and unambiguous" and that "without any disbursements or money turned over to any parties in interest, there can be no calculation of compensation"). The Court finds this line of cases problematic because the statutory scheme is not clear and unambiguous. Within § 326(a) itself, Congress has provided that a court may award "reasonable compensation"—language it echoes in § 330—and that this compensation is "payable after the trustee renders such services." 11 U.S.C. § 326(a). It is difficult to believe Congress intended zero compensation to be reasonable where the trustee has expended significant effort and rendered valuable services marshaling assets on behalf of the estate—which will lead to a dividend for unsecured creditors that would not have been available but for the Chapter 7 Trustee's efforts—only to be frustrated by a conversion to Chapter 13.

Equally problematic are those cases that hold the § 326(a) compensation cap does not apply in a conversion situation at all. Some of these courts focus on the language in § 326(a) that specifies the subsection applies to "a case under chapter 7 or 11," and they conclude that since a converted case is no longer under Chapter 7, § 326(a) is inapplicable. *See, e.g., In re Colburn*, 231 B.R. 778, 782 (Bankr.D.Or. 1999) (concluding that "by its terms, read literally, § 326(a) simply does not apply to preclude trustee compensation" in cases converted from Chapter 7 to Chapter 13). Many other courts have concluded that the compensation cap should only apply in fully administered cases and rely on a *quantum meruit* theory to award trustee compensation where he has performed substantial services but has not distributed any funds. *See, e.g., In re Pivinski*, 366 B.R. 285 (Bankr.D.Del.2007); *In re Moore*, 235 B.R. 414 (Bankr.W.D.Ky.1999); *In re Berry*, 166 B.R. 932 (Bankr.D.Or. 1994); *Matter of Stabler*, 75 B.R. 135

(Bankr.M.D.Fla.1987); *Matter of Parameswaran*, 64 B.R. 341 (Bankr.S.D.N.Y. 1986). The difficulty with the reasoning underlying these cases is that it seems to ignore the language of the Code which evidences that Congress intended to place limits on trustee compensation, and it does not seem right to ignore that congressional intent.

Courts in the third category of cases do not presume the compensation cap following conversion to be zero or infinity, but instead conclude that the cap can be calculated based on disbursements made after conversion. Some of these courts focus on the language in § 326(a) that specifies the cap is to be calculated "upon all moneys disbursed or turned over in the case by the trustee to parties in interest other than the debtor" and conclude that "the trustee" could also refer to the Chapter 13 Trustee, so any disbursements he or she makes should apply toward calculating the cap on the Chapter 7 Trustee's fees. *See, e.g., In re Hages*, 252 B.R. 789, 794 (Bankr. N.D.Cal.2000) (reasoning "it is entirely appropriate to impute the moneys that will be distributed by the chapter 13 trustee to the chapter 7 trustee for purposes of computing the maximum fee the chapter 7 trustee can charge"); *In re Rodriguez*, 240 B.R. 912, 914 (Bankr.D.Colo.1999) (reasoning "the reference to 'trustee' in the last sentence of section 326(a) must be read as a generic reference to the composite 'trustee' and to the aggregate distributions made in the case by the composite 'trustee' "). At least one other case has reached a similar result by reasoning that even if a Chapter 7 Trustee collects funds and then returns them to the debtor, this disbursement "though indirect, eventually finds its way to the creditors." *In re Schneider*, 15 B.R. 744, 745 (Bankr.D.Kan. 1981). The difficulty with the reasoning in these cases is that § 326(a) provides that

the cap is applied to distributions made by the trustee who is to be compensated—and not a subsequent trustee—while *Schneider* seems to ignore the explicit language in § 326(a) requiring that the distributions to which the cap applies must be made to parties in interest "other than the debtor."

Here, the Chapter 7 Trustee has been authorized to make disbursements of $91,062.50 to parties in interest other than the Debtor (unlike *Schneider,* where the money was to be returned to the debtor). In the Conversion Order, the Court authorized the Chapter 7 Trustee to disburse funds to parties who had incurred fees and expenses approved by the Court and to disburse the balance to the Chapter 13 Trustee. It seems clear that parties who have performed services on behalf of the estate are "parties in interest" and that the Chapter 13 Trustee is also a party in interest here because he has standing to be heard on issues in the case and he will disburse money to creditors. Accordingly, the compensation to be awarded to the Chapter 7 Trustee here cannot exceed $7,803.13, which is the amount derived from the formula in § 326(a) applied to $91,062.50 (the total amount he will distribute to parties in interest).

### Section 326(c): Is There a Limit on Fees for Multiple Trustees in Different Chapters?

Because the Chapter 13 Trustee may be administering money turned over to him by the Chapter 7 Trustee here, another issue that must be examined is whether there is a limit on the fee that can be awarded to multiple trustees who administer the same estate. Congress has provided in § 326(c) that when multiple trustees serve in a case, "the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by subsection (a) or (b) of this section, as

the case may be." 11 U.S.C. § 326(c). This provision was designed to prevent a perceived problem of "double-dipping" under the old Bankruptcy Act where a receiver and the succeeding trustee could get maximum compensation for liquidating the same assets. *In re Colburn,* 231 B.R. 778, 783 (Bankr.D.Or.1999) (*citing* H. Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) at pp. 327, 328, 1978 U.S.C.C.A.N. 5963, pp. 6284). But again Congress does not seem to have expressly addressed the situation where a Chapter 7 case is converted to one under Chapter 13. As discussed above, § 326(a) provides a cap in a Chapter 7 or 11 case based on disbursements, whereas § 326(b) provides a cap for cases under Chapter 12 or 13 "not to exceed five percent upon all payments under the plan." 11 U.S.C. § 326(b).

To fill this statutory void, courts have once again taken differing approaches. Some courts interpret § 326(c) as only providing an aggregate cap on fees for trustees operating under the same chapter. *See, e.g., In re Yale Min. Corp.,* 59 B.R. 302, 305 (Bankr.W.D.Va.1986) (reasoning that "§ 326(c) seeks to limit compensation in situations where two or more individuals serve as Chapter 7 Trustees" and does not apply to a situation where trustees serve under different chapters); *Colburn,* 231 B.R. at 783 (reasoning that it would be inappropriate to apply the § 326(c) limit where a Chapter 7 case is converted to Chapter 13 because "the functions of Chapter 7 and Chapter 13 trustees are fundamentally different"); *In re Hages,* 252 B.R. 789, 798 (Bankr. N.D.Cal.2000) (reasoning that "section 326(c) applies only where more than one person serves as trustee in the 'case under chapter 7' (or chapter 11, 12 or 13)").

Other courts disagree and hold that because there is only one case, the § 326(c)

aggregate limit applies to all trustees serving in that case, regardless of chapter. *See, e.g., In re Rodriguez,* 240 B.R. 912, 915 (Bankr.D.Colo.1999) (concluding that the § 326(c) aggregate cap applies to all trustees in a case, regardless of the chapter they serve under, because "there is only one bankruptcy 'case' that is commenced by the filing of an original petition"). And at least one court found that the aggregate cap applies and decided to split the difference, awarding to the Chapter 7 trustee and the Chapter 13 trustee half of the maximum fee they could receive under § 326(a) and § 326(b), respectively. *In re Schneider,* 15 B.R. 744, 746 (Bankr. D.Kan.1981).

■ After considering these different lines of reasoning, this Court concludes that § 326(c) does not specifically apply to a case that has been converted from Chapter 7 to 13. It appears the term "case" in that subsection treats the Chapter 7 or 11 "case" in § 326(a) and the Chapter 12 or 13 "case" in § 326(b) as being distinct from one another for the limited purposes of calculating a trustee fee. This could have been an oversight or it could be because a Chapter 7 or 11 trustee is compensated differently than a Chapter 12 or 13 trustee and they perform different functions. Nevertheless, even though the limits set forth in § 326(c) may not formally apply in the situation before the Court, this Court believes the maximum amount allowable under § 326(a) is a helpful guide in determining what is reasonable in this situation because, after all, the Chapter 7 Trustee is only entitled to reasonable compensation.

■ Here, it would be reasonable for the Chapter 7 Trustee to receive less than the maximum allowable under § 326(a) at this time because he will not have to re-

view claims, disburse funds, or close the estate—matters which he would otherwise have had to do to receive the full commission if this case had remained under Chapter 7. On the other hand, the Chapter 13 Trustee should get his full commission if he disburses this money pursuant to a plan because he will have done everything he otherwise would have to do in a Chapter 13 case to earn that commission.[5] Also, if this case is converted back to Chapter 7, the Chapter 13 Trustee would not receive a commission on any funds that he turns back over to the Chapter 7 Trustee because the money would not be disbursed under a plan. In that event, the Chapter 7 Trustee could be paid the balance of what his fee would otherwise have been had the case never been converted.

Therefore, the Court holds that the Chapter 7 Trustee shall receive a commission of $4,903.13 ($7,803.13 minus the Chapter 13 Trustee's potential commission of $2,900), plus reimbursement of expenses of $105.11, subject to the right of the Chapter 7 Trustee to receive the balance of his maximum potential commission if the money is returned to him and he administers it. In other words, for now, the Court will authorize payment to the Chapter 7 Trustee of the maximum allowed under § 326(a) minus 5% of any amount he turns over to the Chapter 13 Trustee. Should this case re-convert to Chapter 7, the Court will consider awarding further fees to the Chapter 7 Trustee at that time.

### Conclusion

For the reasons stated above, it is hereby

ORDERED that the Trustee Application is GRANTED as modified by the terms explained above. The Chapter 7 Trustee is authorized to pay the amounts

---

**5.** The Court estimates the Chapter 13 Trustee's potential commission on these funds, if he disburses them pursuant to a plan, to be about $2,900.00.

awarded herein and, after all other administrative expenses of the Chapter 7 estate are paid, he is directed to turn over the balance of the amounts he is holding to Adam Goodman, the Chapter 13 Trustee who is administering the Debtor's Chapter 13 case.