**In re Dennis L. PEPPER, doing business as DP Roofing, and Carol Ann Pepper, Debtors.**

**Glen R. Anstine, Trustee, Plaintiff—Appellee,**

v.

**Centex Home Equity Company, LLC, Defendant—Appellant.**

**BAP No. CO 05 051.**
**Bankruptcy No. 04 16254 SBB.**
**Adversary No. 04 1751 SBB.**

United States Bankruptcy Appellate Panel for the Tenth Circuit.

March 28, 2006.

Anthony Leffert of Robinson, Waters, & O'Dorisio, P.C., Denver, Colorado, for Defendant—Appellant.

Philip Pearlman of Pearlman & Dalton, P.C., of Denver, Colorado, for Plaintiff—Appellee.

Before McFEELEY, Chief Judge, CLARK, and CORNISH, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

Centex Home Equity Company, LLC ("Centex") appeals a Judgment entered by the United States Bankruptcy Court for

the District of Colorado in favor of the Chapter 7 trustee, ("Trustee") avoiding a transfer made by the debtors to Centex pursuant to 11 U.S.C. § 547(b). For the reasons set forth below, we affirm the decision of the bankruptcy court.

## I. Background

The debtors borrowed $161,500 from Centex. Payment of this debt was secured by a Deed of Trust against the debtors' home. Although the debtors executed the Deed of Trust on July 10, 2003, it was not recorded until March 1, 2004 (the "Transfer"). Several weeks later, on March 30, 2004, the debtors filed a joint Chapter 7 petition.

The Trustee commenced an adversary proceeding against Centex, seeking to avoid the Transfer as a preference pursuant to 11 U.S.C. § 547(b). The Trustee contended that the Transfer occurred on March 1, 2004, rather than July 10, 2003. Centex argued that the loan and Deed of Trust were intended by Centex and the debtors to be a contemporaneous exchange for new value which was not avoidable as a preference pursuant to § 547(c).[1]

A trial was held on the Trustee's Complaint on May 18, 2005. The parties stipulated that the debtors were insolvent at all times during the ninety day period prior to the filing of their bankruptcy petition, and that debtors and Centex intended that the loan and Deed of Trust be a contemporaneous exchange for new value. After testimony was given and exhibits were received, the bankruptcy court took the matter under advisement. A transcript of this trial is not a part of the appellate record.

On June 1, 2005, the bankruptcy court held a hearing and announced its ruling from the bench that the Transfer was avoidable under § 547(b). The bankruptcy court adopted the parties' stipulations and stated that the only contested issue was whether Centex proved that the Transfer was "in fact" a contemporaneous exchange of new value within the meaning of § 547(c)(1)(B). The bankruptcy court concluded that Centex did not meet its burden of proof under § 547(c)(1)(B) because the Transfer was effectuated 7 months and 18 days after the loan transaction, and therefore, there was no temporal proximity between the loan and the Transfer. In addition, while the equities could be deemed to favor Centex, inasmuch as the evidence showed that the delayed recording of the Deed of Trust was due to errors of the County Clerk and Recorder's Office, the court held that the errors were "not so forceful" to "sweep aside, or evade, or bend the law of preference avoidance".[2] The bankruptcy court stated that Centex was "less than 100 percent diligent, and had different opportunities to avoid, or fix, or ameliorate the tardy recording problem."[3] It concluded that Centex was "to greater or lesser degree, responsible for the tardy and legally insufficient recording of the deed of trust."[4] The bankruptcy court's bench ruling was incorporated into a separate order and judgment in favor of the Trustee. This appeal followed.

## II. Jurisdiction

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court

---

**1.** Joint Pretrial Statement at 3, ¶ B.10, *in* Appellant's Appendix at 37.

**2.** Transcript at 5, *in* Appellant's Appendix at 60.

**3.** *Id.*

**4.** *Id.*

hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1. Neither party has opted to have this appeal heard by the United States District Court for the District of Colorado and each have thereby consented to review of this case by the Bankruptcy Appellate Panel. 28 U.S.C. § 158(b) and (c); Fed. R. Bankr.P. 8001(e); 10th Cir. BAP L.R. 8001–1.

### III. Standard of Review

■ "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Peterson Distrib., Inc.,* 82 F.3d 956, 959 (10th Cir.1996). Whether a transaction was contemporaneous within the meaning of the exception to the preferential transfer statute is a question of fact that is reviewed for clear error. *In re Gateway Pac. Corp.,* 214 B.R. 870 (8th Cir. BAP 1997), *aff'd,* 153 F.3d 915 (8th Cir.1998). Under this standard, the bankruptcy court's factual findings will not be disturbed unless this Court is left with the definite and firm conviction that a mistake has been made.

### IV. Discussion

#### A. *The Transfer is an avoidable preference pursuant to 11 U.S.C. § 547(b) and does not qualify as an exception under § 547(c)(1).*

The first issue Centex raises on appeal is that the bankruptcy court erred in its determination that the March 1, 2004, Transfer was an avoidable preference. Centex argues that the Trustee did not meet his burden of proof to establish that the Transfer meets the requirement of § 547(b), but it did not cite to the record or provide any legal authority in support of this position. Upon review of the stipulation of facts contained in the parties' Joint Pretrial Statement and in a letter dated April 19, 2005, this Court affirms the bankruptcy court's finding that the Trustee sustained his burden of proof under 11 U.S.C. § 547(b).

■ Having determined that the Trustee did satisfy the requirements of § 547(b), the burden shifts to Centex to show that the Transfer should not be avoided as a preference. 11 U.S.C. § 547(g). Exceptions to a trustee's powers of avoidance under § 547(b) are found in § 547(c), and Centex argues that the Transfer fits within the first exception listed therein. That section provides:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange[.]

Centex focuses on the element of the intent of the parties, citing *Dean v. Davis,* 242 U.S. 438, 443–44, 37 S.Ct. 130, 61 L.Ed. 419 (1917), *In re Marino,* 193 B.R. 907 (9th Cir.BAP1996), *aff'd,* 117 F.3d 1425 (9th Cir.1997), and *Gen. Motors Acceptance Corp. v. Martella (In re Martella),* 22 B.R. 649 (Bankr.D.Colo.1982). It argues that because the parties intended the exchange to be contemporaneous it was "in

fact" a substantially contemporaneous exchange, and that this intent effectively satisfies both requirements of § 547(c)(1). Indeed, the Trustee does not dispute that the parties intended the exchange to be "substantially contemporaneous" but argues that despite their intent, a transfer which occurred over seven months after the initial loan does not qualify as substantially contemporaneous, regardless of what the parties intended.

■ This court agrees that the intent of the parties is a critical consideration, but it is not the sole consideration under § 547(c)(1). The language of that section requires that two elements must exist: (1) the parties must intend the transfer to be contemporaneous and (2) the transfer must "in fact" be substantially contemporaneous. Intent is not enough, so the Court must focus on whether the transfer was, "in fact" substantially contemporaneous.

■ Our circuit has not adopted a definitive test for determining whether a transfer qualifies as substantially contemporaneous under § 547(c)(1). Some jurisdictions apply a per se ten day rule which holds that a security interest must be perfected within ten days after it is granted for it to be a substantially contemporaneous exchange. *See, e.g., Ray v. Sec. Mut. Fin. Corp. (In re Arnett),* 731 F.2d 358, 364 (6th Cir.1984).[5] Other jurisdictions employ a more flexible approach by examining all of the facts and circumstances of the case, including any evidence regarding the reasons for the delay in filing and perfecting a security interest. Centex urges us to adopt this "flexible" approach. The cases Centex cites in support of its argument that the Transfer was substantially contemporaneous include a six week delay in recording a security interest (*In re Martella*), and a fourteen day delay (*In re Marino*). The Trustee cites *Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.),* 220 B.R. 1005 (10th Cir. BAP 1998), *aff'd,* 195 F.3d 568 (10th Cir.1999), which found that a transfer made seven weeks after the tender of new value was not "in fact" a substantially contemporaneous exchange.

■ The application of either of these approaches to the facts of this case requires us to affirm the decision of the bankruptcy court. If a strict ten day limit is applied, the recording of the Deed of Trust does not fall within the time period to qualify as a substantially contemporaneous exchange. If a more flexible approach is applied, this Court is required to review the facts which may support Centex's position that the delay in recording the Deed of Trust was somehow reasonable or justified. Although Centex argues that its appeal involves only issues of law, issues of fact are also involved as courts must examine the events surrounding the subject transfer of property, particularly if employing the flexible approach urged by Centex. We have been presented with no evidence justifying the extensive delay in the filing of the Deed of Trust, and have only the finding of the bankruptcy court that Centex bears some responsibility for the delay in recording. The Appendix supplied to this court does not contain a transcript of the May 18, 2005, trial nor exhibits from that trial. "[T]he burden of providing the appellate court with an adequate record for review is on the appellant." *In re Rambo,* 209 B.R. 527, 530 (10th Cir.BAP), *aff'd without opinion,* 132

---

**5.** The bankruptcy court cited *Arnett* in its bench decision, explaining that it was persuaded by the reasoning and logic of that opinion. The court did not, however, state that it was adopting a per se ten day rule for transfers to qualify as "substantially contemporaneous."

F.3d 43 (10th Cir.1997); *see also* 10th Cir. BAP L.R. 8009–1(b)(5). Without a transcript and exhibits from the trial, this court cannot review the bankruptcy court's factual findings and will summarily affirm this decision of the bankruptcy court. *See Lopez v. Long (In re Long)*, 255 B.R. 241, 245 (10th Cir. BAP 2000).

In reaching its conclusion that the Transfer is avoidable, the bankruptcy court stated that it did so, "[w]ithout specifically recounting all the evidence shown by the plaintiff that the defendant, the lender and the closer of the mortgage loan transaction were less than 100 percent diligent, and had different opportunities to avoid, or fix, or ameliorate the tardy recording problem." This statement indicates that the bankruptcy court considered evidence presented at trial beyond the stipulated facts presented in the appellate record. Centex's failure to include a transcript of the trial prevents us from reviewing these additional facts. Given the length of the delay in recording the Deed of Trust and the bankruptcy court's factual finding that Centex was at least partially responsible for the delay, this Court is not convinced that the bankruptcy court erred in finding that the Transfer was not "in fact" a substantially contemporaneous exchange. Accordingly, this Court affirms the bankruptcy court's decision.

**B.** ***The bankruptcy court did not err in finding that the equities of the case do not outweigh the reasons supporting avoidance of the transfer.***

 The second issue raised by Centex on appeal is that the equities of the case weigh in its favor and should defeat the Trustee's power of avoidance. Again, Centex urges this Court to take note of facts not included in the record on appeal. Although it claims that the delayed recording of the Deed of Trust was the fault of the Clerk and Recorder's Officer, the bankruptcy court found that Centex was less than 100 percent diligent and had different opportunities to remedy the problem. As unfair as avoidance of the Transfer may seem to Centex, this Court cannot review the findings of the bankruptcy court without the trial transcript. That court's finding that Centex bears some responsibility for the delayed filing does not support Centex's argument that the court reached an inequitable result. Further, § 547(c) does not include as a defense to the Trustee's avoidance powers a review of the equities of the case. Although this may possibly be a part of a court's review when applying a flexible test to determine whether a transfer is "in fact" substantially contemporaneous under § 547(c), it is not a separate defense. Accordingly, this Court affirms the bankruptcy court's findings and conclusions.

## V. Conclusion

For the reasons stated herein, the decision of the bankruptcy court granting judgment to the Trustee avoiding the Transfer is AFFIRMED.