**In re Edwin Andrew ADAMS, also known as Andy Adams, and Lynda Faye Adams, Debtors.**

**Christine Ann Kanke, Administrator of the Estate of Mark Anthony Schanbacher, Appellant,**

**v.**

**Edwin Andrew Adams and Lynda Faye Adams, Appellees.**

**BAP Nos. WY 06–057, WY 06–080. Bankruptcy.No. 05–22912.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Feb. 27, 2007.

Stephen R. Winship, and Keith R. Nachbar, Casper, WY, for Appellant.

Phillip T. Willoughby, Casper, WY, for Appellees.

Before BOHANON, CORNISH, and MICHAEL, Bankruptcy Judges.

## ORDER REQUIRING CERTIFIED COPY OF TRANSCRIPT

A review of Appellant Christine Ann Kanke, Administrator of the Estate of Mark Anthony Schanbacher's Designation of Record, filed June 13, 2006, and Appendix, filed October 2, 2006, demonstrates that Appellant has not complied with Federal Rules of Bankruptcy Procedure 5007 and 8006; to wit, it has not filed certified copies of transcripts of minutes of the Bankruptcy Court's court hearings (Docket Items 44, 81, 87, and 96) with either the Bankruptcy Court or this Court.

Although Appellant stated in its Designation of Record that "[a] transcript has been ordered," it remains Appellant's responsibility to make arrangements with the transcriber and the clerk of the Bankruptcy Court to have a certified transcript provided to this Court. *See* Fed. R. Bankr.P. 8006. The transcripts in their present form and quality as provided to the Court by the Appellant do not comply with the applicable Rules. We are unable to resolve Appellant's appeal without first reviewing a copy of the certified transcript of the designated bankruptcy court hearings. Absent an adequate record before us, an appeal may be dismissed. *Anstine v. Centex Home Equity Co., LLC (In re Pepper)*, 339 B.R. 756, 760–61 (10th Cir. BAP 2006).

Accordingly, it is HEREBY ORDERED that:

(1) Appellant is directed to obtain a certified copy of the relevant transcripts in this appeal, serve them upon all parties, and file them with the Bankruptcy Court and this Court within 45 days of the date of this Order.

(2) Appellant is directed to supplement its appendix with the certified copies of the transcripts.

(3) Failure to comply with the terms of this Order will result in the dismissal of this appeal.